UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 3:24-cr-00217 |
| | ) | |
| v. | ) | |
| | ) | JUDGE TRAUGER |
| PHILIP TAYLOR SOBASH, | ) | |
| | ) | |
| Defendant | ) | |

AGREED PROTECTIVE ORDER FOR MATERIALS CONTAINING INFORMATION
ABOUT ADULT OR MINOR VICTIMS OR WITNESSES

This matter, having come to the Court's attention on the Motion for Entry of a Protective Order for Materials Containing Information About Adult or Minor Victims or Witnesses submitted by the United States of America and Defendant Philip Sobash, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. This Protective Order governs the discovery material in any format (written or electronic) that is produced by the government in discovery in the above captioned case. The discovery and evidence in this case includes, but is not limited, to the victims' or potential witnesses' sensitive personal identifying information, including their first and/or last name, social security number, date of birth, address, driver's license, phone number, and email address, and electronic messages, documents, and other sources of information that contain such personal identifying information. For the purpose of this Protective Order, the materials produced by the government in discovery are collectively referred to as "Protected Material." This Protective Order,

however, does not cover any statements of the Defendant or his own words as quoted or summarized by the adult and minor victims or witnesses or anyone else.

2. The United States will make available a copy of the "Protected Material" to defense counsel to comply with the government's discovery obligations. Possession of copies of these Protected Materials is limited to the attorney of record, investigators, paralegals, law clerks, experts, encrypted cloud storage services of the attorney of record, and assistants for the attorney of record (hereinafter collectively referred to as members of the defense team).

3. The attorney of record and members of the defense team may display and review these discovery materials with the Defendant. The defense team shall ensure that the Defendant is never left alone with any "Protected Material." The attorney of record and members of the defense team acknowledge that providing copies of these discovery materials to the Defendant and other persons (including the Defendant's family members) is prohibited and agree not to duplicate or provide copies of these discovery materials to the Defendant and other persons.

4. Any notes or records of any kind that the defense team makes relating to the "Protected Material" (e.g., hand-written notes or emails with victims' or potential witnesses' full names, social security numbers, phone numbers, addresses, driver's licenses, or medical or mental health information) shall be treated as subject to the Protective Order and not be disclosed to anyone other than persons on the defense team, or the Defendant while in the presence of his defense counsel.

5. Prior to showing any "Protected Material" to any authorized person listed above (e.g., investigators and expert witnesses), defense counsel shall provide a copy of this

Protective Order and ensure that it is followed. Defense counsel further agrees to advise the authorized person that at the conclusion of this case, the material must be returned to defense counsel. All authorized persons receiving material subject to the Protective Order shall be subject to this Protective Order and shall not further disclose the material except as permitted by its terms. Before first disclosing discovery material or its contents to any of the individuals or entities listed above, the defendant or his attorneys of record must give to the individual or entity a copy of this Protective Order and maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals in this matter, if any, are concluded.

6. Some documents in discovery contain a combination of Protected Material and non-protected material. The parties agree that it is permissible to publicly file non-sensitive material such as dates, IP addresses, and non-sensitive written information, but any and all Protected Material listed above must be fully redacted from public view. More specifically, any document containing personal identifying information may only be publicly filed if the Protected Material is fully redacted.

7. Any violation of any term or condition of this Order may result in contempt of court, and/or monetary or other sanctions deemed appropriate by this Court.

8. Nothing in this order should be construed as imposing any discovery obligations on the government that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

9. Any successor defense counsel assigned in this case shall be subject to this Protective Order.

10. Should the parties disagree about whether material constitutes Protected Material, they must initially meet and confer to resolve the dispute if possible. If after meeting and conferring, the parties disagree about whether material constitutes Protected Material, then they may notify the Court and seek a judicial determination. Similarly, if defense counsel seeks to show Protected Material to a potential witness or someone outside the defense team (other than the Defendant in the presence of his counsel), the parties must initially meet and confer to resolve the dispute if possible, prior to seeking a judicial determination.

11. Within 60 days following the resolution of this case (meaning, the later of dismissal, sentencing, conclusion of any post-conviction motion such as appeal or motion pursuant to 28 U.S.C. § 2255, or any earlier resolution of the charge against the Defendant), all Protected Material shall be returned to the United States without further order of Court, or destroyed by defense counsel, unless the Court or the United States gives specific written permission for an exception to this requirement.

_____
THE HONORABLE ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

## **CERTIFICATION**

By signing below, I, _____ (please print legibly), hereby certify that I have read this Order and agree to be bound by its terms.

_____  _____
Date                                                           PHILIP T. SOBASH