IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:24-cr-00217 |
| v. | ) | |
| | ) | Judge Trauger |
| PHILIP TAYLOR SOBASH | ) | |

PLEA AGREEMENT

The United States of America, by and through Robert E. McGuire, Acting United States Attorney for the Middle District of Tennessee, Assistant United States Attorney Monica R. Morrison, and Trial Attorney Adam Braskich, and the defendant, Philip Taylor Sobash, by and through the defendant's counsel, Jennifer L. Thompson, Michael J. Connolly, and Damien C. Powell, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

Charges and Penalties in This Case

1.    The defendant has been charged in the Indictment in this case with the following offenses:

a.    Count One: Sexual Exploitation of a Minor in violation of Title 18, United States Code, Sections 2251(a) and (e). This offense carries the following penalties and assessments: a mandatory minimum sentence of 15 years of imprisonment and a maximum sentence of 30 years of imprisonment; a fine of up to $250,000; a mandatory $100 special assessment; a $5,000 special assessment pursuant to Title 18, United States Code, Section 3014, for any non-indigent defendant; and an assessment of not more than $50,000 pursuant to Title 18, United States Code, Section 2259A(a)(3).

b.    Count Two: Coercion and Enticement in violation of Title 18, United States Code, Section 2422(b). This offense carries the following penalties and assessments: a

1

mandatory minimum sentence of 10 years of imprisonment and a maximum sentence of life imprisonment; a fine of up to $250,000; a mandatory $100 special assessment; and a $5,000 special assessment pursuant to Title 18, United States Code, Section 3014, for any non-indigent defendant.

        c.      Count Three: Receiving Child Pornography in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1). This offense carries the following penalties: a mandatory minimum sentence of 5 years of imprisonment and a maximum sentence of 20 years of imprisonment; a fine of up to $250,000; a mandatory $100 special assessment; a $5,000 special assessment pursuant to Title 18, United States Code, Section 3014, for any non-indigent defendant; and an assessment of not more than $35,000 pursuant to Title 18, United States Code, Section 2259A(a)(2).

2.      As a result of the defendant's offenses, the defendant is subject to forfeiture of property as alleged in the Indictment.

3.      The defendant must pay upon conviction a $100 special assessment for each felony count to which the defendant pleads guilty, pursuant to Title 18, United States Code, Section 3013.

4.      As part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order the defendant to pay restitution to any victim of the offense, as required by law.

5.      The defendant has read the charges against the defendant contained in the Indictment. Those charges have been fully explained to the defendant by the defendant's attorneys. The defendant fully understands the nature and elements of the crimes with which the defendant has been charged.

2

## Charge to Which the Defendant is Pleading Guilty

6. By this Plea Agreement, the defendant agrees to enter a voluntary plea of guilty to Count One of the Indictment. In addition, as further provided below, the defendant agrees to entry of a forfeiture judgment. After sentence has been imposed on the count to which the defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts in the Indictment.

## Factual Basis

7. The defendant will plead guilty because the defendant is in fact guilty of the charge contained in Count One of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish the defendant's guilt beyond a reasonable doubt:

> On or about October 11, 2018, the defendant, Philip Taylor Sobash, met Minor Victim 1, then 17 years old, on a dating website called "Seeking Arrangement." The defendant communicated with Minor Victim 1 online and by text message and requested that she send him sexually explicit images of herself in exchange for money and gifts. Minor Victim 1 complied and sent nude, sexually explicit images of herself to the defendant. Until about May 31, 2019, the defendant continued to request sexually explicit images from Minor Victim 1, and she continued to provide them in exchange for money and gifts that the defendant sent to her. At times, the defendant requested that Minor Victim 1 film herself nude while engaged in specific sexually explicit conduct, including masturbation. Minor Victim 1 complied by filming herself nude and engaging in masturbation and then sending the videos to the defendant as requested. Between October 11, 2018, and May 31, 2019, during the commission of this offense, Minor Victim 1 was 17 years old and residing in the Middle District of Tennessee, while the defendant was residing in the United States but outside the State of Tennessee.

> To produce the visual depictions of herself engaging in sexually explicit conduct as requested by the defendant, Minor Victim 1 used her cell phone, which had been shipped and transported in interstate and foreign commerce. Minor Victim 1 also used her cell phone to transmit the sexually explicit visual depictions in interstate commerce to Sobash.

> After Minor Victim 1 began communicating with the defendant, she told the defendant her true age and at one point sent the defendant a picture of her driver's license. The defendant distributed to others images and videos of Minor Victim 1 depicting her engaged in sexually explicit conduct. Since 2019, Minor Victim 1's sexually explicit images have circulated online under her full name, along with a

3

picture of her driver's license

From 2017-2020, the defendant induced several other minor victims to produce and send him child pornography:

- **Minor Victim 2** was 17 years old when, in and around August 2020, the defendant paid her to produce sexually explicit images of herself and send them to him. At the time of this offense, Minor Victim 2 was residing in the Middle District of Tennessee.

- **Minor Victim 3** was 16 years old when, in and around June 2020, the defendant paid her to produce sexually explicit images of herself and send them to him. The defendant later distributed her images. Minor Victim 3's sexually explicit images then circulated online under her full name.

- **Minor Victim 4** was 17 years old when, in and around July 2017, the defendant paid her to produce sexually explicit images of herself and send them to him. The defendant later distributed her images. Minor Victim 4's sexually explicit images then circulated online under her full name.

- **Minor Victim 5** was 17 years old when, in and around August 2020, the defendant paid her to produce sexually explicit images of herself and send them to him. The defendant later distributed her images. Minor Victim 5's sexually explicit images then circulated online under her first name.

- **Minor Victim 6** was 17 years old when, in and around September 2017, the defendant paid her to produce sexually explicit images of herself and send them to him. The defendant later distributed her images. Minor Victim 6's sexually explicit images then circulated online under her full name.

- **Minor Victim 7** was 17 years old when, in and around September 2019, the defendant paid her to produce sexually explicit images of herself and send them to him.

In December 2024, the defendant knowingly possessed sexually explicit images that depicted Minor Victims 1 through 7. The child pornography was stored on digital devices that the Federal Bureau of Investigation (FBI) seized from the defendant's home that month. The devices the FBI seized from the defendant in December 2024 are listed in paragraph 17 of this agreement.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for the defendant's plea of guilty and criminal forfeiture and to assess relevant conduct for purposes of the United States Sentencing Guidelines. The statement of facts does not contain each and every fact known to the defendant and to the United States concerning the defendant's and/or

4

others' involvement in the offense conduct and other matters.

<u>Acknowledgement and Waivers Regarding Plea of Guilty: Trial Rights</u>

8.    The defendant understands that by pleading guilty the defendant waives and surrenders certain trial rights, including the following:

a.    If the defendant persisted in a plea of not guilty to the charge, the defendant would have the right to a public and speedy trial. The defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if the defendant, the government, and the Court all agreed to have no jury.

b.    If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. At trial, the jury would be instructed that the defendant is presumed innocent; that the government bears the burden of proving the defendant guilty of the charges beyond a reasonable doubt; and that the jury must consider each count of the Indictment against the defendant separately.

c.    If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

d.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses, and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear

5

voluntarily, the defendant could require their attendance through the subpoena power of the Court.

      e.     At a trial, the defendant would have the right not to testify, and no inference of guilt could be drawn from the defendant's refusal to testify.

9.     The defendant understands that, by pleading guilty, the defendant is waiving all of the trial rights set forth in the prior paragraph. The defendant's attorney has explained those rights, and the consequences of the defendant's waiver of those rights, to the defendant.

<u>Sentencing Guidelines Calculations</u>

10.     The parties understand that the Court is required to consider the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at Title 18, United States Code, Section 3553(a), in determining the defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective at the time of sentencing.

11.     The parties have no agreement regarding the sentencing guidelines calculation in this case, other than that the defendant will be entitled to a reduction in the defendant's offense level for acceptance of responsibility. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). If the defendant qualifies for a decrease under U.S.S.G. § 3E1.1(a), has an offense level of 16 or more prior to the operation of U.S.S.G. § 3E1.1(a), and has given timely notification of the defendant's intention to enter a plea of guilty, the United States will move for an additional one-level decrease in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1(b).

6

12. The defendant is aware that any estimate of the offense level or guidelines range that the defendant may have received from the defendant's counsel, the United States, or the Probation Office is a prediction, not a promise, and is not binding on the Probation Office or the Court. The defendant understands that the Probation Office will conduct its own investigation and make its own recommendations, that the Court ultimately determines the facts and law relevant to sentencing, that the Court's determinations govern the final guidelines calculation, and that the Court determines both the final offense level and the final guidelines range. Accordingly, the validity of this agreement is not contingent upon any estimate of the offense level or guidelines range that the defendant may have received from the defendant's counsel, the United States, or the Probation Office.

Agreements Relating to Sentencing

13. <u>Sentencing Recommendation</u>. Each party is free to recommend whatever sentence it deems appropriate. The defendant understands that the defendant's request is not binding on the Court and, after considering the defendant's Sentencing Guidelines, the Court may impose the maximum penalties set forth above. The defendant understands further that the defendant will not be permitted to withdraw the defendant's guilty plea if the Court does not adopt the defendant's request. The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and accept the plea agreement and enter an order reflecting the acceptance of both the plea and this plea agreement.

Restitution and Fines

14. <u>Restitution</u>. Pursuant to Title 18, United States Code, Sections 3663(a)(1), 3663A(a), 3663A(b), 3664, 2248, and 2259, the defendant agrees to make full restitution, if any, to the victims of any child pornography offenses. The defendant agrees that such restitution shall

7

be made as to all counts charged, regardless of whether the defendant enters a plea of guilty to such counts and regardless of whether such counts are dismissed pursuant to this agreement. The defendant agrees further to pay restitution to any of the defendant's minor victims, if any, for the entire scope of the defendant's criminal conduct, including but not limited to all matters included as relevant conduct, as defined by U.S.S.G. § 1B1.3. The defendant acknowledges and agrees that this criminal conduct (or other relevant conduct) includes any minor victim of any child pornography offenses, whether charged or uncharged, under Chapter 110 of Title 18, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense, if any. Further, pursuant to Title 18, United States Code, Section 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

15.     Pursuant to Title 18, United States Code, Section 3572, all monetary penalties, including restitution imposed by the Court, shall be due and payable immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the defendant is unable to pay immediately, then the defendant agrees to the imposition of a schedule of payments established at sentencing. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce a judgment.

8

16.     The defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which the defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

<u>Forfeiture and Abandonment of Specific Property</u>

17.     The defendant acknowledges that the conduct forming the basis of this plea causes the following property to be subject to forfeiture, pursuant to Title 18, United States Code, Section 2253(a)(3):

    a.  iPhone 16 Pro Max, serial number G5JPX2XYLV

    b.  Apple Watch Ultra 2, serial number MN22190Y63

    c.  Western Digital My Passport Studio hard disk drive, serial number WXK1E72LTFY4

    d.  MacBook Pro laptop computer, serial number GFVL2HQ6P3

    e.  Apple iPad, serial number JXJCYWY0W9

    f.  Crypto Ledger – Nano X USB micro storage device

    g.  Mac Studio computer, serial number TWGXT25GVC

(collectively, "Subject Property").

18.     The defendant acknowledges that the Subject Property has a substantial connection to the offense of conviction and admits that it represents property facilitating the offense.

19.     The defendant consents to forfeiture of the defendant's interests in the Subject Property to the United States.

20.     The defendant further agrees that the Subject Property, which was seized from the defendant for evidentiary purposes, and which is currently in the custody or control of the Federal Bureau of Investigation (FBI), was lawfully seized and that it is evidence, contraband, or fruits of the crimes to which the defendant is pleading guilty. The defendant, as sole and rightful owner,

9

relinquishes and abandons all claims, title, and interest the defendant has in such property with the understanding and consent that the FBI may dispose of the property without further obligations.

## Presentence Investigation Report/Post-Sentence Supervision

21.     The defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Presentence Investigation Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of the defendant's conduct regarding the charges against the defendant, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

22.     The defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of the defendant's financial circumstances, including the defendant's recent income tax returns as specified by the Probation Office. The defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of the defendant's sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

## Consequences of Certain Convictions: Sex Offenses

23.     The defendant understands and agrees that the defendant will submit to sex offender evaluation and treatment as recommended by an appropriate provider contracted per the guidelines and procedures promulgated by the Administrative Office of the United States Courts.

24.     The defendant will register as a sex offender with the appropriate authorities of any state in which the defendant resides, is employed, or attends school, in compliance with Title 18, United States Code, Section 2250(a).

## Waiver of Appellate Rights

25.     Regarding the issue of guilt, the defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether the defendant is guilty of the crime(s) to which the defendant is agreeing to plead guilty; and (ii) trial rights that might have been available if the defendant had exercised the right to go to trial. Regarding sentencing, the defendant is aware that Title 18, United States Code, Section 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence within or below the Court-determined guidelines range. The defendant further waives all appellate rights and collateral attacks concerning forfeiture and all matters related thereto. The defendant also knowingly waives the right to challenge the sentence imposed in any motion pursuant to Title 18, United States Code, Section 3582(c)(2) and in any collateral attack, including, but not limited to, a motion brought pursuant to Title 28, United States Code, Sections 2255 and/or 2241. However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence within or above the Court- determined guidelines range.

## Other Terms

26.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against the defendant or any other person or entity. The obligations of this

11

Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, including Immigration and Customs Enforcement, except as expressly set forth in this Plea Agreement.

27.     The United States agrees not to seek additional criminal charges in the Middle District of Tennessee against the defendant for the events involving Minor Victim 1 or Minor Victim 2, which occurred in the Middle District of Tennessee, as described in paragraph 7 above. Further, the Child Exploitation and Obscenity Section of the Criminal Division of the U.S. Department of Justice agrees not to seek additional criminal charges in any district related to the events involving Minor Victims 1 through 7, as described in paragraph 7 above. However, nothing in this Plea Agreement otherwise limits the United States in the prosecution of the defendant, except as expressly set forth in this Plea Agreement.

28.     Should the defendant engage in additional criminal activity after the defendant has pled guilty but prior to sentencing, the defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

<u>Conclusion</u>

29.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and the defendant regarding the defendant's criminal liability in Case No. 3:24-cr-00217.

30.     The defendant and the defendant's attorney acknowledge that no threats have been made to cause the defendant to plead guilty.

31.     No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

12

32.     The defendant understands that the Indictment and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person. If the defendant moves to file this Plea Agreement under seal, the defendant consents to the disclosure of the Plea Agreement as required by the United States' discovery obligations.

33.     The defendant understands that the defendant's compliance with each part of this Plea Agreement extends until such time as the defendant is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. The defendant further understands that in the event the defendant violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Plea Agreement, or may require the defendant's specific performance of this Plea Agreement.

34.     The Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.


Date: 10-2-25

_____
PHILIP TAYLOR SOBASH
The Defendant

35.     Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to the defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with the defendant. To my knowledge,

13

the defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 10/2/25

_____
MICHAEL CONNOLLY
Attorney for the Defendant

Respectfully submitted,

ROBERT E. McGUIRE
Acting United States Attorney

By: _____
MONICA R. MORRISON
Assistant U.S. Attorney

_____
RACHEL M. STEPHENS
Deputy Chief

_____
ADAM BRASKICH
Trial Attorney